FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y
★ JAN 24 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------x
UNITED STATES OF AMERICA,

    Plaintiff,

-against-

RANDY HUTCHINSON,

    Defendant.
----------------------------------------------x

MEMORANDUM AND ORDER
97 CR 1146 (ILG)

GLASSER, United States District Judge:

On June 21, 1999, the defendant was sentenced to a term of imprisonment for twenty years to be followed by a five year period of supervised release. His sentence followed a plea of guilty to Count 17 of a 22 Count indictment which charged him with conspiring to distribute cocaine and cocaine base (crack). His plea was pursuant to 11(e)(1)(C) (renumbered as 11(c)(1)(C) in 2002), of the Fed. R. of Cr. P., which provided for an agreed sentence which, having been accepted by the Court, was bound by it. That sentence was considerably less than a life sentence which would have been imposed had he been found guilty of the crime with which he was charged by a trial jury. His conviction and sentence was affirmed on appeal in United States v. Williams, 260 F.3d 160 (2d Cir. 2001), cert. denied, 535 U.S. 979 (2002). On July 8, 2003, his pro se petition pursuant to 28 U.S.C. § 2255 was dismissed in a Memorandum and Order, familiarity with which is assumed.

On May 13, 2009, he moved pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the United States Sentencing Guidelines, (U.S.S.G.) § 2DR.1, which lowered the base offense levels applicable to crack. That Amendment was made applicable retroactively effective March 3, 2008, by Amendment 713, U.S.S.G., App. C. That

motion was denied in a Memorandum and Order dated December 29, 2009, familiarity with which is assumed.

In a letter dated December 9, 2011, acting *pro se*, he requested the Court to direct the Office of Probation to correct his presentence report dated more than 11 years earlier, April 15, 1999, by deleting the reference to his leadership role in the crime to which he pleaded guilty, which enhanced his guideline range by 4 levels. In a letter dated December 21, 2011, after a review of the relevant transcripts and other material[1] in what is now his voluminous file, I denied his request.

In another *pro se* letter dated December 28, 2011, he renews his request. If regarded as a request for reconsideration, it is again denied. Removing the leadership enhancement would not be pursuant to an Amendment to the U.S.S.G. and would not implicate § 3582(c)(2) in any event. If his reference to the recently decided Freeman v. United States, 131 S. Ct. 2685 (June 23, 2011), is, without more, an unarticulated revival of his previously requested reduction based on the crack cocaine Amendment, that was denied in a Memorandum and Order dated December 29, 2009, referred to above. If the Court were to re-visit that assuming some legally applicable basis for doing so and the applicability of Freeman, a review of the § 3553(a) factors when considered alone and in the context of this case, would drive the Court to deny any further sentence

---

[1] For example, in the government's letter dated May 5, 1999, providing the reasons for the 11(c)(1)(C) agreement, states: "Hutchinson oversaw all aspects of the C-I-C Caveman's drug operation in Utica. Hutchinson hired individuals to transport crack from Brooklyn to Utica. Hutchinson recruited young men and boys to travel from New York City to Utica where they would work as hand to hand crack sellers."

reduction.[2] That determination makes it unnecessary for the Court to resort to a discussion of the "law of the case" principle which "promotes the finality and efficiency of the judicial process by 'protecting against the agitation of settled issues.'" See Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 816 (1988).

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
January 18, 2012

s/ILG

I. Leo Glasser

---

[2] § 3582(c)(2) provides that "the court may reduce the term of imprisonment after considering the factors set forth in § 3582(a) . . . ." See also Freeman at 2699 (in considering whether a reduction is warranted the Court must consider the § 3553(a) factors to determine whether a reduction is warranted.) (Sotomayor, J., concurring)

3